Joyce E. SINNOTT, Appellant–
Petitioner,

v.

Patrick J. SINNOTT, Appellee–
Respondent.

No. 67A05–9203–CV–91.

Court of Appeals of Indiana,
Fifth District.

Nov. 24, 1992.

Robert J. Bremer, Bremer & Cook, Greencastle, for appellant-petitioner.

James Harvey Young, Greencastle, for appellee-respondent.

BARTEAU, Judge.

On November 15, 1988 the trial court modified the dissolution decree of Joyce and Patrick Sinnott to the effect that Patrick was to pay 73%, and Joyce 27%, of the health care expenses incurred by the minor children of the marriage which were not covered by health insurance. Following the 1988 order, Joyce generally paid the uncovered portion of the children's medical bills and then requested reimbursement from Patrick for his 73% of the uncovered amount. Joyce brought this contempt action because Patrick refused to reimburse her for his percentage of the medical expenses.

At the contempt hearing, Patrick argued and the judge decreed that because the Child Support Guidelines contemplate 6% of child support being allocated for medical expenses, the 73/27 split was not operative until Joyce expended $542.88 (6% of annual child support) each year on uninsured medical expenses. Joyce appeals, alleging this amounts to an impermissible retroactive modification of the 1988 order. We agree and reverse and remand for further proceedings.

Conceding that retroactive modification of a support order is impermissible, *Reeves v. Reeves* (1992), Ind.App., 584 N.E.2d 589, Patrick instead argues that the court merely interpreted the guidelines upon which the 1988 order was based. Regardless of how the trial court's decision is characterized, it nevertheless amounts to a retroactive modification. Nothing in the 1988 order could be interpreted to require Joyce to expend 6% of the annual support on uncovered health care expenses prior to Patrick being required to pay the ordered percentage. Thus, the court's order reading this requirement into the 1988 order is erroneous.

We note that we are *not* holding that such an order would be impermissible, but only that one accomplished by retroactive modification cannot stand. The Commentary to Ind. Child Support Guideline 3(E)(3) provides in part that:

It has been the practice in many courts to apportion between the parents the medical, dental and optical expenses that exceed insurance, usually on an equal basis. The data on which the Guideline schedules are based included a component for ordinary medical expenses. Specifically, 6% (six percent) of the support amount is for health care expense. It is suggested, if an apportionment is made, that the custodial parent absorb a specified amount of expense per occurrence of illness (that is, for one particular illness or injury) before the noncustodial parent is required to contribute. An argument could be made for amounts over that specified amount to be apportioned according to the percentages developed on line 3 of the worksheet, the Percentage Share of Income. (Line 4B of worksheet) As an alternative, the custodial parent could be ordered to absorb a specified amount of medical expenses annually before the obligor is required to begin paying toward medical expenses.

Thus, fashioning of a support order requiring expenditure of 6% of the annual support for health care expenses by the custodial parent, before the non-custodial parent is required to contribute, is one of many options available to the trial court, *Kyle v. Kyle* (1991), Ind.App., 582 N.E.2d 842, so long as such an order is implemented prospectively. Such was not the case here and we reverse and remand for a rehearing on Joyce's contempt petition.

Joyce additionally appeals the award of attorney's fees to Patrick's attorney. In light of our resolution in Joyce's favor of the above issue, we also reverse the award of attorney fees and remand for reconsideration.

REVERSED AND REMANDED.

HOFFMAN, J., and SHARPNACK, C.J., concur.